**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**MARCUS DAVENPORT**                                                             **PETITIONER**

**versus**                                             **Civil Action No.: 2:11CV121-SA-SAA**

**CHRISTOPHER EPPS**                                                 **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the pro se petition of Marcus Davenport, Mississippi prisoner # 152908, for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has moved to dismiss the petition, and Petitioner has failed to respond thereto. The Court finds the matter ripe for resolution. For the reasons set forth below, the petition for a writ of habeas corpus will be dismissed under 28 U.S.C. § 2244(d).

On October 1, 2009, Petitioner pled guilty to one count of possession of a controlled substance in the Circuit Court of DeSoto County, Mississippi, and was sentenced to serve a sentence of four years in the custody of the Mississippi Department of Corrections with ten years of post-release supervision.[1] By statute, Petitioner was prohibited from pursuing a direct appeal of his guilty plea. *See* Miss. Code Ann. § 99-35-101. Petitioner did not pursue post-conviction relief, and he did not challenge the trial court's judgment in this matter until he filed a petition for writ of habeas corpus with this Court sometime between May 25, 2011 and May 31, 2011. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a pro se prisoner's petition filed on the date it is delivered to prison officials for mailing). Respondent maintains that Petitioner has waited too late to pursue federal habeas relief.

---

[1] ECF No. 1-1.

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which requires that a petition for federal habeas corpus review be filed within one year from the date that a petitioner's state court judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d))(1)(A). Because Petitioner was prohibited from pursuing a direct appeal of his guilty plea, the judgment in this case became final on the date he was sentenced - October 1, 2009. Therefore, absent tolling of the federal limitations period, his federal habeas petition was due by October 1, 2010.

Petitioner concedes that he did not file a motion for post-conviction relief in the State court.[2] Therefore, there has been no statutory tolling of the limitations period. *See* 28 U.S.C. § 2244(d)(2) (tolling the federal statute of limitations while a "properly filed" application is pending). Additionally, Petitioner cites no "rare and exceptional circumstances" that would warrant equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted). Giving Petitioner the benefit of the earliest possible federal habeas filing date, May 25, 2011, he filed for federal habeas relief some 236 days beyond the limitations deadline. The instant petition is time-barred.

Therefore, the Court **GRANTS** Respondent's "Motion to Dismiss Pursuant to § 2244(d)" and **DISMISSES** with prejudice the petition filed in this cause.

**SO ORDERED** this the 26th day of March, 2012.

       /s/ Sharion Aycock
       **U.S. DISTRICT JUDGE**

---

[2] Petitioner's failure to submit his claims to the State court for review also renders his petition unexhausted, which would also require that the Court dismiss the petition filed in this cause. *See* 28 U.S.C. § 2254(b)(1) and (c).